Filed 3/9/21  P. v. Harris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEITH CHARLES HARRIS,<br><br>Defendant and Appellant. | C089945<br><br>(Super. Ct. Nos. 17NCR11784, 18NCR13030) |

Following defendant Keith Charles Harris's guilty pleas in two separate cases, the trial court sentenced him to an aggregate term of 12 years in prison and imposed a restitution fine above the mandatory minimum in each case.  Defendant now challenges the imposition of the restitution fines based on his ability to pay.  We will affirm the judgment.

1

BACKGROUND

In case No. 17NCR11784, defendant pleaded guilty to assault on two police officers (Pen. Code, § 245, subd. (c)(2))[1] while using a dangerous and deadly weapon, tear gas (§ 12022, subd. (b)(1)).  He also admitted a prior strike conviction.  (§§ 667, subds. (c) & (e), 1170.12, subd. (c)(1).)  In case No. 18NCR13030, defendant pleaded guilty to assault with a deadly weapon (§ 245, subd. (a)(1)) and admitted a prior strike conviction.  (§§ 667, subds. (c) & (e), 1170.12, subd. (c)(1).)  At the sentencing hearing, the trial court struck the deadly weapon enhancement, imposed an aggregate sentence of 12 years for both cases, and ordered defendant to pay a $3,000 restitution fine in case No. 17NCR11784 and a $600 restitution fine in case No. 18NCR13030.

Defendant did not object to the fines at sentencing, but he subsequently moved to stay the $3,600 in restitution fines under section 1237.2, which provides in relevant part that if the sole issue on appeal is a claim of error in the imposition fines, a defendant must first make a motion for correction in the trial court.  (§ 1237.2.)  Defendant asked the trial court to stay the restitution fines until the People showed defendant's ability to pay, or in the alternative, to reduce the fines to the statutory minimum of $300 in each case and not employ the $300-per-year-of-incarceration formula.  He argued that even if he earned the highest possible prison wage while incarcerated, he would still be unable to pay the $3,600 in fines.  Following a hearing, the trial court denied the motion.  The trial court's written order does not provide a reason for the denial, and the appellate record does not include a transcript of the hearing on the motion.

DISCUSSION

Defendant challenges the imposition of the restitution fines based on his ability to pay.  However, the appellate record indicates defendant gave the trial court an adequate

---

[1] Undesignated statutory references are to the Penal Code.

opportunity to consider defendant's ability to pay, and the trial court nevertheless denied defendant's motion to stay or reduce the restitution fines. Because the record does not contain a transcript of the hearing on defendant's motion to stay or reduce the restitution fines, we must presume the trial court did its duty. Under the circumstances, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.


                                                          _____/S/_____

                                                          MAURO, Acting P. J.


We concur:


_____/S/_____
DUARTE, J.


_____/S/_____
HOCH, J.